IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SGT. NASHYRAH DAY<br>    Plaintiff<br>vs.<br><br>NEW JERSEY DEPARTMENT OF CORRECTIONS<br>Lt. MICHELLE BRENNER<br>    Defendants | : CIVIL ACTION NO.:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**COMPLAINT AND JURY DEMAND**

**I.    INTRODUCTION**

1.  Plaintiff, Sgt. Nashyrah Day, claims sums in excess of Three Hundred Thousand Dollars ($300,000) in damages and upon her causes of action, aver as follows.

2.  This action for monetary damages and other appropriate relief is brought by Plaintiff to redress violations of Plaintiff's rights under the United States Constitution, federal and state laws by the Defendants.

3.  This action arises under the Civil Rights Act, Title VII, 42 USC Section 2000e et seq., Civil Rights Act Section 1981 asserted through Section 1983, the Fourteenth Amendment of the United States Constitution and the New Jersey Law Against Discrimination, which prohibit discrimination in employment on the basis of race and gender, and retaliation for engaging in protected activities and is brought by Plaintiff to redress arbitrary, malicious, reckless, improper, unlawful, willful, deliberate and intentional race discrimination and retaliation by the Defendants against Plaintiff.

## II.     JURISDICTION, VENUE AND PARTIES

4.     The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. 1331, which provides for the original jurisdiction of Plaintiff's claims arising under the laws of the United States of America.  This Court also has supplemental jurisdiction over the state law claims asserted in this action.

5.     The venue of this Court is proper pursuant to the dictates of Title 28 U.S.C. 1391(c).

6.     Plaintiff has exhausted her administrative remedies under Title VII before bringing this civil action.  On February 26, 2021, the EEOC issued Plaintiff her right to sue Defendant New Jersey Department of Corrections regarding her Title VII claim. Attached hereto is a copy of the Right to Sue notice from the EEOC.

7.     Plaintiff resides in Paulsboro Township, Gloucester County, New Jersey.

8.     Defendant, New Jersey Department of Corrections, ("NJDOC") is an agency of the State of New Jersey, and at all times relevant to the issues in this case had its facility located at South Woods State Prison, 215 South Burlington Road, Bridgeton, NJ 08302.

9.     Defendant, Lt. Michelle Brenner, is a Caucasian female adult individual and at all times relevant hereto was Plaintiff's supervisor at the South Woods State Prison.

## III.     BRIEF STATEMENT OF FACTS

10.     Plaintiff, Sgt. Nashyrah Day, is an African-American female, and is currently employed by Defendant NJDOC, working out of South Woods State Prison, Cumberland County, New Jersey.

11.     Plaintiff started working for NJDOC on or about July 28, 2004 as a Corrections Officer.

12. On September 17, 2017, Plaintiff was promoted to the position of Sergeant.

13. On or about February 3, 2020, Plaintiff's supervisor, Lt. Michelle Brenner instructed Plaintiff that effective February 29, 2020, Plaintiff will no longer be permitted to have reciprocal with other sergeants to switch her shifts.

14. Lt. Brenner did not subject Caucasian male Sergeants, Donnie Tomlin and David Ripa, to denial of reciprocals.

15. Reciprocal is an employment benefit provider by Defendant NJDOC where supervisors are able to amicably switch their shifts with other supervisors so as to gain extra days off.

16. Lt. Brenner consistently used this employment benefit of reciprocal to switch her shift with other supervisors.

17. At a meeting between Plaintiff and Lt. Brenner on February 3, 2020, Plaintiff complained to Lt. Brenner that her denial of reciprocal to Plaintiff was discriminatory as compared to Plaintiff's Caucasian co-workers.

18. On February 16, 2020, Plaintiff filed an internal complaint of racial and gender motivated discriminatory treatment against her by Lt. Brenner with NJDOC's Equal Employment Division ("EED"), including the denial of reciprocal employment benefits as compared to her Caucasian and male co-workers.

19. In her EED complaint, Plaintiff asserted claims of racial disparate treatment, racially motivated harassment, hostile work environment and retaliation.

20. On March 15, 2020, Major Thomas Cann (w/m) spoke with Plaintiff about Plaintiff's EED complaint and asked Plaintiff to pull the EED complaint and he would meet with Plaintiff to address her complaint against Lt. Brenner.

21. On March 16, 2020, at an interview with the EED Investigator, Ms. Colucci, Plaintiff informed Ms. Colucci that she had spoken with Major Cann and as a result would pull the internal EED complaint.

22. However, Major Cann failed to address Plaintiff's complaint against Lt. Brenner. To the contrary, on March 23, 2020, Plaintiff was subjected to retaliatory disciplinary investigation by NJDOC.

23. Lt. Scott Hughes (w/m) initiated a retaliatory investigation about the same incidents Plaintiff complained about in her February 16, 2020 EED complaint.

24. On April 1, 2020, NJDOC issued Plaintiff a retaliatory disciplinary action regarding the same issues Plaintiff complained about in her February 16, 2020 EED complaint.

25. Subsequent to her protected activities, Plaintiff was subjected to persistent retaliatory harassment and hostile work environment, retaliatory administrative investigations based on repeated false allegations by Plaintiff's subordinates, SCPO Michael Gallagher and SCPO Klingberg, spreading false rumors about Plaintiff for the purpose of embarrassing and intimidating Plaintiff, without Defendants taking remedial actions against these Caucasian subordinates of Plaintiff.

26. On July 5, 2020, Plaintiff filed another EED complaint of race and gender discrimination and retaliatory hostile work environment with NJDOC's Equal Employment Division.

27. However, no immediate remedial action was taken by Defendants with regards to the continuous and persistent retaliatory hostile work environment Plaintiff was been subjected to.

28. On August 28, 2020, Plaintiff filed her EEOC Charge of race and gender Discrimination and retaliation with the United States Equal Employment Opportunity Commission ("EEOC").

29. On November 4, 2020, Defendant NJDOC served Plaintiff with a letter advising Plaintiff that Defendant had received a copy of Plaintiff's EEOC charge with regards to discrimination and retaliation by Defendant Lt. Brenner, and that Defendant would now be conducting an investigation into Plaintiff's race discrimination and retaliation claims against Lt. Brenner and Plaintiff's subordinates; which were the same complaints Plaintiff had previously filed with Defendant NJDOC in February 2020 and July 2020, but Defendant failed to investigate and failed to take any remedial actions.

30. Following Plaintiff's filing her EEOC Charge, Defendant continued to subject Plaintiff to retaliatory harassment and hostile work environment, including but not limited to false allegations of misconduct against Plaintiff, with the intention to subject Plaintiff to disciplinary actions.

**IV**  **STATEMENT OF CLAIM**

**COUNT ONE- TITLE VII VIOLATION–RACE/GENDER DISCRIMINATION**
**Plaintiff v. NJDOC Only**

31. Plaintiff incorporates by reference all allegations alleged in paragraphs 1 through 30 above as if same were fully set forth at length herein.

32. The acts and conducts of Defendant NJDOC through its officers, supervisors and officials as stated above where Plaintiff was subjected to gender and or racially discriminatory denial of reciprocals, racially motivated harassment and hostile work environment and denial of benefits and privileges of her employment was a violation of the Civil Rights Act, 42 U.S.C. Section 2000e, et seq.

33. As a direct and proximate result of the said discriminatory practices of Defendant NJDOC in violation of Title VII, Plaintiff has sustained loss of wages and earnings, loss of benefits, as well as mental anguish, emotional distress, humiliation, and damage to reputation.

## COUNT TWO- TITLE VII VIOLATION- RETALIATION
### Plaintiff v. NJDOC Only

34. Plaintiff incorporates by reference all allegations alleged in paragraphs one 1 through 33 above as if same were fully set forth at length herein.

35. The acts and conducts of Defendant NJDOC through its officers, supervisors and officials as stated above where Plaintiff was subjected to retaliatory disciplinary actions, retaliatory harassment and hostile work environment because she engaged in protected activities under Title VII were violations of the statute.

36. As a direct and proximate result of the said retaliatory acts and conducts of the Defendant in violation of this statute, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of back pay, as well as mental anguish, emotional distress, humiliation, and damage to reputation.

## COUNT THREE- NJ LAD VIOLATION –RACE/GENDER DISCRIMINATION
### Plaintiff v. All Defendants

37. Plaintiff incorporates by reference all allegations alleged in paragraphs one 1 through 36 above as if same were fully set forth at length herein.

38. The acts and conducts of Defendants as stated above where Plaintiff was subjected to gender and or racially discriminatory practices in the benefits and privileges of her employment was a violation of the New Jersey Law Against Discrimination (NJLAD).

39. Defendant Lt. Brenner aided and abetted the violation of this statute and Plaintiff's rights to be free from race and gender discrimination in her work place.

40. As a direct and proximate result of the said discriminatory practices of Defendants in violation of the NJLAD, Plaintiff has sustained loss of wages and earnings, loss of benefits, as well as mental anguish, emotional distress, humiliation, and damage to reputation.

## COUNT FOUR- NJLAD VIOLATION –RETALIATION
### Plaintiff v. All defendants

41. Plaintiff incorporates by reference all allegations alleged in paragraphs 1 through 40 above as if same were fully set forth at length herein.

42. The acts and conduct of Defendants as stated above where Plaintiff was subjected to adverse employment actions by Defendants because she engaged in protected activities under the New Jersey Law Against Discrimination were violations of the New Jersey Law Against Discrimination.

43. Defendants Lt. Brenner aided and abetted the violation of this statute and Plaintiff's rights to be free from retaliatory actions because she engaged in protected activities under this statute.

44. As a direct and proximate result of the said retaliatory practices by Defendants in violation of NJLAD, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of back pay, front pay, as well as mental anguish, emotional distress, humiliation, and damage to reputation.

## COUNT FIVE- SECTION 1983 VIOLATIONS
### Plaintiff v. Defendants

45. Plaintiff incorporates by reference all allegations alleged in paragraphs 1 through 44 as ifsame were fully set forth at length herein.

46. Defendants violated Plaintiff's Constitutional rights under the Equal Protection Clause by denying her equal protection of her employment rights and benefits because of her race and gender.

47. Defendants violated Plaintiff's Fourteenth Amendment rights when Defendants deprived her of equal employment rights while acting under the color of state law.

48. Defendant Lt. Brenner violated Plaintiff's rights under the Civil Rights Act, 42 USC Section 1981by discriminating against Plaintiff because of her race, while acting under color of state law.

49. Plaintiff complained to Defendant NJDOC about being subjected to racially motivated employment actions and retaliatory actions, but Defendant NJDOC failed to take immediate remedial actions in response to Plaintiff's complaints.

50. Defendant NJDOC acquiesced in the racial discriminatory and retaliatory practices that Plaintiff was subjected to.

51. Defendant NJDOC failed to train, supervise and discipline its officers against race discriminatory and retaliatory practices.

52. Defendant NJDOC has a custom and practice of race discriminatory and retaliatory practices.

53. Defendants violated Plaintiff's Constitutional and federal statutory rights by subjecting her to retaliatoryadverse actions because she engaged in protected activities under the Constitution and federal Civil Rights Act.

54. The acts and conducts of the Defendants as stated above where Plaintiff was subjected to adverse employment actions because of her race and gender and because she engaged in protected activities are violations of the Civil Rights Act42 U.S. C. Section 1983.

55.     As a direct and proximate result of said violation of the Civil Rights Act, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, front pay, and interest due therein as well as mental anguish, emotional distress, humiliation, and damagesto reputation.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully demands judgment against Defendants and request that this Honorable Court:

A.  Enter judgment against Defendants for back pay, front pay, loss of income, loss of benefits, pre and post judgment interests, costs of suit, compensatory damages, punitive damages, attorneys' fees and expert witness fees as permitted by law; and

B.  Award such other relief, as the Court may deem necessary and just, including but not limited to an Order to make whole.

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all questions of fact raised by this Complaint.

*/s/ Olugbenga O. Abiona*
_____
Olugbenga O. Abiona, Esquire
P.O. Box 3326
Cherry Hill, NJ 08034
(215) 625-0330
Attorney Id: 017281989
Attorney for Plaintiff

Dated:  April 21, 2021