IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| SGT. NASHYRAH DAY, | : | |
| Plaintiff, | : | Civil No. 21-09986 (RBK/SAK) |
| v. | : | **OPINION** |
| NEW JERSEY DEPARTMENT OF CORRECTIONS; LIEUTENANT MICHELLE BRENNER, | : : : | |
| Defendants. | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendants' Motion to Dismiss (ECF No. 6). For the reasons discussed herein, Defendants' Motion is **GRANTED in part** and **DENIED in part**.

I.   **BACKGROUND**

Plaintiff Sergeant Nashyrah Day ("Plaintiff") is an African American female who filed suit against her current employer, the New Jersey Department of Corrections ("NJDOC"), and her supervisor, Lieutenant Michelle Brenner ("Lt. Brenner"), alleging that she was discriminated against on the basis of her race and gender. (ECF No. 1, "Compl." ¶¶ 8–10, 31–55).

Plaintiff began working for NJDOC in July 2004 as a Corrections Officer. (Compl. ¶ 11). In February 2020, Plaintiff's supervisor, Lieutenant Michelle Brenner, informed Plaintiff that Plaintiff would no longer be permitted to use reciprocal benefits to switch shifts with other sergeants. (*Id.* ¶ 13). Reciprocal is a benefit that certain NJDOC employees may use to switch shifts in order to gain extra days off. (*Id.* ¶ 15). Lt. Brenner did not deny reciprocal for other sergeants who are Caucasian males. (*Id.* ¶ 14). Plaintiff filed two internal complaints with

1

NJDOC's Equal Employment Division, alleging discriminatory treatment based on her gender and race. (*Id.* ¶¶ 18, 26). On both occasions, NJDOC failed to take remedial action. (*Id.* ¶¶ 22, 27). In August 2020, Plaintiff filed a charge of race and gender discrimination against NJDOC with the U.S. Equal Employment Opportunity Commission ("EEOC"). (*Id.* ¶ 28). Even so, Defendant NJDOC "continued to subject Plaintiff to retaliatory harassment and hostile work environment, including but not limited to false allegations of misconduct against Plaintiff, with the intention to subject Plaintiff to disciplinary actions." (*Id.* ¶ 30).

Plaintiff filed the instant action against NJDOC and Lt. Brenner on April 21, 2021, alleging employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*, the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. § 10:5–1 *et seq.*, and 42 U.S.C. § 1983. (Compl. ¶¶ 31–55). Plaintiff requests that the Court "[e]nter judgment against Defendants for back pay, front pay, loss of income, loss of benefits, pre and post judgment interests, costs of suit, compensatory damages, punitive damages, attorneys' fees and expert witness fees as permitted by law…." (*Id.* at 9). Defendants moved to dismiss the Complaint on August 9, 2021. (ECF No. 6, "Defs. Mot."). Plaintiff responded in opposition to Defendants' motion, (ECF No. 7, "Pl. Opp'n Mem."), and Defendants replied on August 31, 2021, (ECF No. 8, "Defs. Reply").

## II.  LEGAL STANDARD

### a.  Motion to Dismiss Under 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss an action for failing to state a claim upon which relief can be granted. When considering a Rule 12(b)(6) motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading

of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A Rule 12(b)(6) motion will be denied where the complaint contains sufficient facts, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III. DISCUSSION

Defendants move to dismiss Plaintiff's NJLAD claims against NJDOC and Lt. Brenner on sovereign immunity grounds. (Defs. Mot. 3–4). They also move to dismiss Plaintiff's § 1983 claim against both Defendants, arguing that neither Defendant is a "person" subject to suit under § 1983. (*Id.* at 4–5). The Court will address these arguments as to each Defendant in turn.

### a. New Jersey Department of Corrections

#### i. NJLAD (Counts Three and Four)

Defendants assert that NJDOC is entitled to sovereign immunity under the Eleventh Amendment, precluding federal jurisdiction over Plaintiff's NJLAD claims against NJDOC.[1] (Defs. Mot. 3–4). The Eleventh Amendment provides that: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI.

The Eleventh Amendment acts as "'a jurisdictional bar which deprives federal courts of subject matter jurisdiction' over actions against a State." *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 280 (D.N.J. 2013) (quoting *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir.

---

[1] Though Defendants have moved to dismiss the Complaint under Rule 12(b)(6) for failure to state a claim, a motion to dismiss based on Eleventh Amendment immunity is better understood as a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 n.2 (3d Cir. 1996). Accordingly, the Court will treat Defendants' motion as arising under Rule 12(b)(1).

1996)). "The Amendment has been interpreted to protect an unconsenting state from 'suit in federal court by its own citizens as well as those of another state.'" *Blanciak*, 77 F.3d at 694 (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). "[S]ubsidiary units" of state government enjoy Eleventh Amendment immunity, *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 253 (3d Cir. 2010), as do "arms of the State—entities that, by their very nature, are so intertwined with the State that any suit against them renders the State the real, substantial party in interest[,]" *Maliandi v. Montclair State Univ.*, 845 F.3d 77, 83 (3d Cir. 2016) (citation and quotation marks omitted). The Eleventh Amendment protects states and state entities "regardless of the relief sought," subject to limited exceptions. *Thorpe v. New Jersey*, 246 F. App'x 86, 87 (3d Cir. 2007); *see Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993).

It is well established that NJDOC is entitled to Eleventh Amendment immunity as an arm of the State of New Jersey. *Fox v. Bayside State Prison*, 726 F. App'x 865, 867–68 (3d Cir. 2018) ("The DOC is quintessentially an arm of the state and is funded by, controlled by, and accountable to the state."); *Marsh v. Campos*, No. 19-15320, 2021 WL 1401522, at *3 (D.N.J. Apr. 14, 2021) ("This District has consistently held that NJDOC is an arm of the State of New Jersey for Eleventh Amendment purposes."). As such, we find that the Eleventh Amendment bars consideration of Plaintiff's NJLAD claims against NJDOC in federal court.[2]

Largely sidestepping the immunity issue, Plaintiff argues that the Court has supplemental jurisdiction over Plaintiff's NJLAD claims pursuant to 28 U.S.C. § 1367. (Pl. Opp'n Mem. 8).

---

[2] We note that "Eleventh Amendment immunity is … subject to three primary exceptions: (1) congressional abrogation, (2) waiver by the state, and (3) suits against individual state officers for prospective injunctive and declaratory relief to end an ongoing violation of federal law." *Pennsylvania Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002). The first and third exceptions are inapplicable here. The Court discusses the state waiver exception to the extent it is relevant to Plaintiff's supplemental jurisdiction argument.

Plaintiff contends that because NJDOC is not entitled to sovereign immunity for claims brought under Title VII and because Plaintiff's NJLAD claims arise out of the same facts as her Title VII claims, this Court may exercise supplemental jurisdiction over the NJLAD claims. (*Id.* at 8–9).

This argument is unavailing. District courts have "no jurisdiction to hear supplemental state-law claims against sovereign entities absent consent by the entity to suit in federal court." *Garcia v. Richard Stockton Coll. of New Jersey*, 210 F. Supp. 2d 545, 550 (D.N.J. 2002) (citing *Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 541–42 (2002)); *Balsam v. Sec'y of New Jersey*, 607 F. App'x 177, 183 (3d Cir. 2015) ("[T]he supplemental jurisdiction statute, 28 U.S.C. § 1367, does not authorize district courts to exercise jurisdiction over claims against non-consenting States."). Though a state or state agency "may waive sovereign immunity by consenting to suit[,]" such consent requires "a clear declaration that it intends to submit itself to [federal] jurisdiction." *MCI Telecomm. Corp. v. Bell Atl. Pennsylvania*, 271 F.3d 491, 503–04 (3d Cir. 2001) (citing *College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 669–70 (1999)) (quotation marks omitted).

Neither the State of New Jersey nor NJDOC have consented to suit under the NJLAD in federal court. Even when a state entity is sued in its capacity as an employer, New Jersey district courts have consistently reiterated that:

> [W]hile the NJLAD identifies the State and its alter egos as potential defendants in their capacity as an "employer," see N.J. Stat. Ann. § 10:5–5(e), the statute only authorizes the initiation of suits under the NJLAD "in Superior Court." *Id.* § 10:5–13. Accordingly, because waiver only exists "where stated by the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction," [*Edelman v. Jordan*, 415 U.S. 651, 673 (1974)], ... the State of New Jersey retains its Eleventh Amendment immunity.

*Clark v. Dep't of L. & Pub. Safety*, No. 19-21238, 2020 WL 7778068, at *6 (D.N.J. Dec. 31, 2020) (quoting *Rich v. New Jersey*, No. 14-2075, 2015 WL 2226029, at *7 (D.N.J. May 12, 2015)) (alterations in original).

Therefore, like numerous other courts in this district, we conclude that state entities, like NJDOC, are immune from NJLAD claims brought in federal court. *See, e.g.*, *Clark*, 2020 WL 7778068, at *6 ("Because Plaintiff brings his claim under the NJLAD against state-government entities in federal court, State Defendant is entitled to sovereign immunity."); *Davenport v. New Jersey Bd. of Pub. Utilities*, No. 18-13687, 2019 WL 2432123, at *4 (D.N.J. June 11, 2019) (collecting cases); *Jasmin v. New Jersey Econ. Dev. Auth.*, No. 16-1002, 2018 WL 3617955, at *7 (D.N.J. July 30, 2018); *Bennett v. City of Atl. City*, 288 F. Supp. 2d 675, 683 (D.N.J. 2003). As such, this Court has no jurisdiction over Plaintiff's NJLAD claims against NJDOC. *Rich*, 2015 WL 2226029, at *7 ("[B]ecause 'a plaintiff may not sue the State of New Jersey, or its alter egos, under the NJLAD in federal court,' this Court lacks subject matter jurisdiction over Plaintiffs' NJLAD claim against the State Defendants." (quoting *Garcia*, 210 F. Supp. 2d at 550)). Accordingly, Plaintiff's NJLAD claims against NJDOC are dismissed.

### ii. 42 U.S.C. § 1983 (Count Five)

Defendants also contend that Plaintiff's § 1983 claim against NJDOC must be dismissed because the NJDOC is not a "person" amenable to suit under § 1983. (Defs. Mot. 4–5). We agree.

Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

6

42 U.S.C. § 1983. The U.S. Supreme Court has held that states and state entities are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66–71 (1989); *Howlett By & Through Howlett v. Rose*, 496 U.S. 356, 365 (1990) (explaining that *Will* established that "an entity with Eleventh Amendment immunity is not a 'person' within the meaning of § 1983."). And "[t]he statute's text is clear: a § 1983 suit may only be brought against a defendant who is considered a 'person' within the meaning of § 1983." *Smith v. New Jersey*, 908 F. Supp. 2d 560, 563 (D.N.J. 2012).

NJDOC, an arm of the State of New Jersey, is plainly a not a "person" amenable to suit under § 1983 pursuant to *Will*. *Martin v. New Jersey Dep't of Corr.*, No. 19-20969, 2021 WL 879932, at *1 (D.N.J. Mar. 9, 2021) ("In the Third Circuit, courts have consistently held that the NJDOC and its subsidiaries are not 'persons' subject to liability under § 1983…."); *Soto v. New Jersey*, No. 17-13450, 2018 WL 4027034, at *3 (D.N.J. Aug. 23, 2018) ("[T]he NJDOC is a state entity, and thus, neither the State nor the NJDOC are 'persons' amenable to suit under § 1983."); *Leamer v. New Jersey*, No. 95-5105, 2007 WL 2139864, at *9 (D.N.J. July 24, 2007) (citing C*rabow v. Southern State Correctional Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989)). Accordingly, Plaintiff's § 1983 claim against NJDOC must be dismissed.

    **b. Lieutenant Michelle Brenner**

        **i. NJLAD (Counts Three and Four)**

Defendants assert that Plaintiff's NJLAD claims against Lt. Brenner must be dismissed because Lt. Brenner cannot be sued in her official capacity for money damages under the Eleventh Amendment. (Defs. Mot. 4). Plaintiff responds that Lt. Brenner is being sued solely in her individual capacity and is therefore not entitled to immunity. (Pl. Opp'n Mem. 6–7). Thus,

7

the issue for the Court to determine is whether Plaintiff is suing Lt. Brenner in her personal or official capacity.³

It is undisputed that "[i]ndividual state employees sued in their official capacity are … entitled to Eleventh Amendment immunity because 'official-capacity suits generally represent only another way of pleading an action' against the state." *Betts*, 621 F.3d at 254 (quoting *Hafer v. Melo*, 502 U.S. 21, 25 (1991)). However, "[s]ince the Supreme Court's decision in *Ex Parte Young* … it has been hornbook law that a state official sued in his individual capacity does not enjoy the protections of the Eleventh Amendment." *Csizmadia v. Fauver*, 746 F. Supp. 483, 488 (D.N.J. 1990) (internal citation omitted). This is because "[i]n personal capacity suits, a plaintiff seeks to impose personal liability upon an individual officer and recover from the personal assets of that officer." *Garden State Elec. Inspection Servs. Inc. v. Levin*, 144 F. App'x 247, 251 (3d Cir. 2005); *Melo v. Hafer*, 912 F.2d 628, 635 (3d Cir. 1990), *aff'd*, 502 U.S. 21, (1991) ("[W]here the plaintiff seeks recovery from the personal assets of the individual, the state is not the real party in interest; the suit is therefore not barred by the Eleventh Amendment.").

Courts in the Third Circuit look to the complaint and the "course of proceedings" to determine whether a state official is being sued in their individual capacity, official capacity, or both.⁴ *Melo*, 912 F.2d at 635. In *Melo*, the Third Circuit concluded that a Pennsylvania state official was being sued in her personal capacity because the complaint named only the official, not the state, as a defendant in the matter and sought damages only from the official. *Id.* at 636. The court also noted that official herself seemed to believe that she had been sued in her personal capacity as she had asserted a qualified immunity defense—a defense not available in official-

---

³ Defendants do not move to dismiss Plaintiff's NJLAD or § 1983 claims against Lt. Brenner in her individual capacity. (Defs. Reply 6).
⁴ Neither party discusses the *Melo* factors in their briefing.

capacity suits. *Id.* In addition to these *Melo* factors, the Third Circuit has also considered the fact that a plaintiff seeks punitive damages to be relevant to the capacity inquiry since "[p]unitive damages cannot be recovered from defendants in their official capacities." *Gregory v. Chehi*, 843 F.2d 111, 120 (3d Cir. 1988).

Here, it is ambiguous whether Lt. Brenner is being sued in her personal or official capacity. Unlike in *Melo*, Plaintiff has asserted claims against a state agency, NJDOC, in addition to Lt. Brenner, and appears to seek damages from the defendants collectively. Plaintiff does, however, seek punitive damages in this matter, indicating that Plaintiff intended to file suit against Lt. Brenner in her personal capacity.[5] Moreover, Plaintiff asserts in her opposition memorandum that her claims "are against [Lt. Brenner] *solely* in her individual capacity, and not in her official capacity." (Pl. Opp'n Mem. 6) (emphasis added).

The Third Circuit has instructed district courts to provide a plaintiff leave to amend where it is not clear from the complaint whether a state official is being sued in their individual or official capacity, but the plaintiff has voiced her intent to bring an individual-capacity suit. *Melo*, 912 F.2d at 636 ("[O]nce plaintiffs explained in the district court that they sued [official] for damages in her individual capacity, they should have been given leave to amend to so assert with specificity, if there was any remaining ambiguity about that issue."); *see also Graves v. Lanigan*, No. 13-7591, 2016 WL 1242766, at *4 (D.N.J. Mar. 29, 2016) ("Since it appears that Plaintiff did intend to sue the Correction Officer Defendants in their individual capacities, the Court believes it is prudent to require Plaintiff to specify in what capacity the Correction Officers Defendants are being sued."). To put this issue to rest, Plaintiff shall amend her complaint to

---

[5] Plaintiff does not state in the Complaint that she seeks punitive damages from Defendant Brenner specifically.

specify the capacity in which Lt. Brenner is being sued in the instant action. Defendants' motion to dismiss Plaintiff's NJLAD claims against Defendant Brenner is denied without prejudice.

### ii. 42 U.S.C. § 1983 (Count Five)

Defendants move to dismiss Plaintiff's § 1983 claim against Lt. Brenner in her official capacity because, as a state official, Lt. Brenner is not a "person" subject to suit under the statute. (Defs. Mot. 5). Plaintiff counters that Lt. Brenner is indeed a "person" subject to § 1983 suit for damages because Lt. Brenner is being sued in her personal, not official, capacity. (Pl. Opp'n Mem. 6–7). Again, the issue boils down to whether Lt. Brenner is an official-capacity defendant.

State officials acting in their official capacity are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). As Plaintiff points out, however, "state officials, sued in their *individual* capacities, are 'persons' within the meaning of § 1983." *Hafer v. Melo*, 502 U.S. 21, 31 (1991) (emphasis added). "Personal-capacity damage suits under section 1983 seek to recover money from a government official, as an individual, for acts performed under color of state law." *Gregory*, 843 F.2d at 120.

As with the NJLAD claims, it is unclear from the Complaint whether Plaintiff is asserting a § 1983 claim against Lt. Brenner in her individual or official capacity. Therefore, we grant Plaintiff leave to amend her Complaint to make explicit whether she is asserting a claim under § 1983 against Lt. Brenner in her individual capacity, official capacity, or both. Accordingly, Defendants' motion to dismiss Plaintiff's § 1983 claim as to Lt. Brenner is denied without prejudice.[6]

---

[6] Plaintiff suggests in passing that her § 1983 action against Lt. Brenner is for injunctive relief as well as damages, precluding dismissal on immunity grounds regardless of whether Defendant Brenner is being sued in her individual or official capacity. (Pl. Opp'n Mem. 7). Plaintiff is correct that a state official sued in her official capacity for injunctive relief is a "person" subject to suit under § 1983. *Will*, 491 U.S. at 71 n.10 ("Of course a state official in

## IV.     CONCLUSION

For the reasons contained herein, Defendants' Motion to Dismiss (ECF No. 6) is **GRANTED in part** and **DENIED in part**. Plaintiff will have **fourteen (14) days** to file an Amended Complaint consistent with this Opinion. An accompanying Order will issue.


Dated: 01/19/2022                                                                         /s/ Robert B. Kugler
                                                                                                          ROBERT B. KUGLER
                                                                                                          United States District Judge

---

his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State." (citation and quotation marks omitted)); *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 281 (D.N.J. 2013). However, as Plaintiff proclaims that she has sued Defendant Brenner in her personal capacity only and the Court has given Plaintiff leave to amend the Complaint to specify as much, we need not reach this argument.